HELENA W. EDMONDS AND HERMAN KAMAI KAIMANA, A MINOR, BY HELENA W. EDMONDS, GUARDIAN AD LITEM, *v.* EMIL WERY, MRS. CLAY M. HUDSON, LAU KING FAI, ALIAS KONG FAI, WM. WERY AND JULES WERY.

## No. 1485.

EXCEPTIONS FROM CIRCUIT COURT FOURTH CIRCUIT.
HON. H. L. ROSS, JUDGE.

ARGUED OCTOBER 3, 1923.              DECIDED NOVEMBER 27, 1923.

PETERS, C. J., PERRY AND LINDSAY, JJ.

ROYAL PATENT—*description, construction of.*

Where the courses and distances describing the land granted by a royal patent are clear and unambiguous the description in the patent controls and the grant should not be enlarged to cover land not included in the specific description although one of the courses is recited as running "along the place that is said to belong to K," the boundaries of which place were not definitely fixed at the time the patent was issued.

ADVERSE POSSESSION—*exclusive possession—evidence.*

It appearing from the evidence that the person who, it is claimed, had gained title to the land by adverse possession was not in exclusive possession thereof for the statutory period, the land being occupied by other persons not shown to have been

holding under the claimant, the trial court properly granted a nonsuit.

OPINION OF THE COURT BY LINDSAY, J.

This is an action of ejectment brought in the fourth circuit court to recover the land described in the complaint to which plaintiffs claim title by purchase from one D. Kamai. The case was brought before the circuit court, jury waived. At the close of the case for plaintiffs the trial judge, on the motion of defendants, granted a nonsuit, from which judgment plaintiffs have come here on exceptions.

The claim of plaintiffs is that the land in controversy is a portion of the land described in R. P. 16 to George Moore and Naomi, his wife, and that title to the same has, by mesne conveyances, devolved upon plaintiffs. The plaintiffs further contend that the evidence shows that D. Kamai, the immediate predecessor in title of plaintiffs, had gained title to the land by open, continued, notorious, hostile and exclusive occupation for more than ten years. The trial court, in granting the nonsuit, found against plaintiffs on both contentions, holding that plaintiffs had failed to show any connection between the land described in R. P. 16 and the land in question, and that plaintiffs had not established title by adverse possession.

The sole question presented by the exceptions is whether, from the state of the evidence, the trial judge was in error in granting the nonsuit.

In support of the contention that the land in dispute is a portion of that described in R. P. 16, a certified copy of that patent was received in evidence. The land commission award on which the patent was supposedly issued was not offered in evidence but, as no point in that regard has been made here, it may be assumed, for the purpose of this opinion, that the royal patent properly described the land that had been awarded to Moore and Naomi.

The land is described in the patent by metes and bounds as follows: "Beginning at the west corner of this lot 63 4/12 feet makai of the corner of Main (now Kinoole street) and King (now Kalakaua street) streets, on the Puna side of King street, thence running North 51° 30' East 3 chains 61 10/12 feet along King street to the west corner of the house-lot of Captain Chas. Hoyer; *thence South 32° East 2 chains 60 8/12 feet along the lot of Hoyer and the place. that is said ·to belong to Kahanaumaikai to the east corner of this;* thence South 63° West 3 Chains 5 7/12 feet along the place of the American Missionaries in Punahoa to the south corner of this lot; thence North 41.° 30' West 1 chain 19 10/12 feet along the place of Halaki · (mother-in-law of B. Pitman) to a slight angle; thence North 43° .West 60 1/12 feet along Halaki to the place of commencement,—96/100 of an acre a little more or less." Attached to the royal patent is a sketch of the land described herein.

John K. Akau, a surveyor called on behalf of plaintiffs, testified that in his opinion as a surveyor the land in dispute was included in R. P. 16. This witness· had made a sketch of what he deemed was included in R. P. 16, which sketch was admitted in evidence ·as plaintiffs' exhibit "D." On this sketch the land in dispute, containing an area of 9354 square feet, is delineated. On cross-examination the reason given by the surveyor for his opinion that the land in dispute was included· within R. P. 16 was that the second course in the description indicated that R. P. 16 and the land of Kahanaumaikai adjoined each other, hence, the witness, claiming that this was frequently done by surveyors under such circumstances, totally ignored the express terms of the description and made ·R. P. 16 ·adjoin the land which, several years after the issuance of R. P. 16, was awarded to Kahanaumaikai. That the surveyor was unwarranted in

thus departing from the clear .description in R. P. 16 is clearly seen by an examination of the sketch attached to R. P. 16 as well as by the evidence of the surveyor himself, brought out on cross-examination, for from this evidence it conclusively appears that the land in dispute is not within R. P. 16. The surveyor testified that he had no difficulty in making a survey of the premises from the description in R. P. 16, that the description therein was correct both as to courses and distances, and that these courses and distances close the survey within a few feet. He admitted that, if his theory as to the boundaries of the land contained within R. P. 16 is the correct one, that patent would have to have eight courses, whereas the description in R. P. 16 contains only five courses, which courses close the survey within a few feet. The whole of the evidence given by the surveyor amounts simply to this: The courses and distances set forth in the second call in R. P. 16 were perfectly clear but merely because the courses and distances called for in course 2 were stated as running along "the place that is said to belong to Kahanaumaikai" (a place that at the date of the patent was not definitely fixed), the surveyor avoided using the bearings and distances set forth in the patent and arbitrarily departed therefrom. Under the evidence the circuit judge could have come to no other conclusion than that reached by him, namely, that the land in dispute was not a part of the land described in R. P. 16.

It is contended, however, by plaintiffs that, even if their claim that the land in dispute was a portion of R. P. 16 was not established by the evidence, there was evidence showing that plaintiffs and their predecessors in interest had gained title by adverse possession. At the time set for argument of these exceptions counsel for plaintiffs did not appear and point out the evidence in support of this contention and this court was, therefore,

compelled to laboriously peruse the whole of the transcript. Having sought in vain for the evidence suggested, this court requested counsel for plaintiffs to point out the same, and counsel filed a memorandum setting forth portions of the evidence which, it is asserted, show title in plaintiffs by adverse possession. The evidence thus indicated, however, is most vague and unsatisfactory and falls far short of showing that open, notorious, continued and exclusive possession by plaintiffs or their predecessors that is requisite to establish title by adverse possession. From the evidence it appears that, during the period in which it is asserted that the possession of Kamai, plaintiffs' predecessor, was ripening into a title by adverse possession, said Kamai was not in exclusive possession of the land in dispute. Other persons occupied the land, not as tenants of Kamai but, as far as it appears to the contrary, in apparent hostility to him. At the close of plaintiffs' case, upon the request of the trial judge that plaintiffs' counsel point out the evidence showing the nature of Kamai's possession for the statutory period, counsel stated that the evidence showed that one Mumu had held possession of the land, but counsel admitted that there was no evidence of relationship between that person and Kamai. As to Pinau, another person shown by the evidence to have lived upon the land in dispute, counsel admitted that there was no specific evidence showing under whom Pinau claimed.

The court is unable to say that the trial court erred in finding that the evidence failed to show title by adverse possession in plaintiffs, and the exceptions are overruled.

*J. W. Russell* for plaintiffs filed briefs but did not argue.

*C. S. Carlsmith* (also on the brief) for defendants.